IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JOSHUA MASSETT,                                   05-CV-1006-BR

          Plaintiff,                              OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant.


TIM D. WILBORN
Wilborn Law Office, P.C.
19093 S. Beavercreek Road
PMB #314
Oregon City, OR 97045
(503) 632-1120

          Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904
(503) 727-1053


1 - OPINION AND ORDER

**DAVID F. MORADO**
Regional Chief Counsel
**DAVID M. BLUME**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075
(206) 615-2545

        Attorneys for Defendant


**BROWN, Judge.**

    This matter comes before the Court on Plaintiff's Motion for

Attorney Fees (#28) Pursuant to 42 U.S.C. § 406(b).  For the

following reasons, the Court **GRANTS** Plaintiff's Motion.


## BACKGROUND

    On June 29, 2005, Plaintiff filed a Complaint in this Court

in which he sought judicial review of a final decision of the

Commissioner of the Social Security Commission denying

Plaintiff's applications for disability insurance benefits (DIB)

and supplemental security income payments (SSI) under Titles II

and XVI of the Social Security Act.

    On November 20, 2006, this Court issued an Opinion and Order

reversing the Commissioner's decision and remanding the matter

for further proceedings pursuant to sentence four of 42 U.S.C.

§ 405(g).  On that same day, the Court entered a Judgment

reversing and remanding this matter to the Commissioner.


2  -  OPINION AND ORDER

On December 20, 2006, the parties filed a Stipulation for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $6,675.00.  On December 22, 2006, the Court entered an Order based on the Stipulation in which it awarded attorneys' fees to Plaintiff's counsel in the amount of $6,675.00.

On March 21, 2008, Plaintiff filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) in which he seeks $9,396.50 in attorneys' fees for work performed in this matter before this Court.

On June 4, 2008, the Court issued an Order in which it noted Plaintiff's Motion for Attorney Fees appeared to be untimely under Federal Rule of Civil Procedure 54(d)(2)(B) and advising Plaintiff to file a memorandum addressing this issue by June 12, 2008, and Defendant to file a response by June 19, 2008.

## STANDARDS

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)).  Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).  Section 406(b) expressly requires any

attorneys' fee awarded under that section to be payable "out
of, and not in addition to, the amount of [the] past due
benefits."  42 U.S.C. § 406(b)(1)(A).  "[A]ny endeavor by the
claimant's attorney to gain more than that [statutory] fee, or
to charge the claimant a non contingent [*sic*] fee, is a criminal
offense."  *Id*. at 806-07 (citing 42 U.S.C. § 406(b)(2) and
20 C.F.R. § 404.1740(c)(2)).

    In *Gisbrecht,* the Supreme Court concluded § 406(b) "does not
displace contingent-fee agreements as the primary means by which
fees are set for successfully representing Social Security
benefits claimants in court."  *Id*. at 807.  Section 406(b),
however, requires the court first to "determine whether a fee
agreement has been executed between the plaintiff and his
attorney, and, if so, whether such agreement is reasonable."
*Garcia v. Astrue,* 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007)
(citing *Gisbrecht*, 535 U.S. at 807).

    "Agreements are unenforceable to the extent that they
provide for fees exceeding 25 percent of the past-due benefits."
Even "[w]ithin the 25 percent boundary, [however,] . . . the
attorney for the successful claimant must show that the fee
sought is reasonable for the services rendered."  *Gisbrecht*, 535
U.S. at 807.

## DISCUSSION

**I.   Plaintiff's Motion for Attorney Fees under § 406(b) was not filed within a reasonable time.**

As noted, 42 U.S.C. 406(b)(1) provides, among other things, that Plaintiff's counsel may recover attorneys' fees for his work from a portion of a plaintiff's past-due benefits.  That section, however, does not contain a time limit as to when a plaintiff must file a petition for attorneys' fees.  Federal Rule of Civil Procedure 54(d)(2)(B)(I) provides in pertinent part:  "Unless a statute or a court order provides otherwise, the motion must: . . . (I) be filed no later than 14 days after the entry of judgment."  *See also* Local Rule 54.3 ("any motion for attorney fees" must meet the requirements of Federal Rule of Civil Procedure 54(d)(2)).  As the parties point out, however, Rule 54(d) is difficult to apply in the context of a sentence-four remand for further proceedings.  A sentence-four judgment is a final judgment that divests the district court of jurisdiction, *Shalala v. Schaefer*, 509 U.S. 292, 299-302 (1993), and, therefore, strictly enforcing Rule 54(d) would require a plaintiff to file an application for attorneys' fees within 14 days of the entry of the judgment of remand.  In the context of a sentence-four remand, however, the administrative proceedings required to determine whether a plaintiff will ultimately obtain past-due benefits will ordinarily take considerably longer than

14 days.

The Ninth Circuit has not resolved whether the Court should apply Rule 54(d) or some other limitation period to applications for attorneys' fees under § 406(b).  Courts have taken different approaches to this issue in other circuits.  For example, the Fifth Circuit has held the 14-day period for filing an application for attorneys' fees applies in the context of a sentence-four remand.  *Pierce v. Barnhart*, 440 F.3d 657, 663-64 (5th Cir. 2006).  The district court in *Pierce,* however, "gave the plaintiffs the opportunity to refile their § 406(b) applications at a later date, even if their refilings fell outside of the fourteen-day time period prescribed by Rule 54(d)."  The Fifth Circuit, therefore, did not find the plaintiffs' applications for attorneys' fees received well after the 14-day period to be untimely.

The Eleventh Circuit also has held Rule 54(d) applies to sentence-four remands for further proceedings, but the court left open the question of when the 14-day period for filing an application for attorneys' fees begins to run.  *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277-78 (11th Cir. 2006).  The Eleventh Circuit noted, however,

> the claimants could have avoided the confusion
> about integrating Fed. R. Civ. P. 54(d)(2)(B) into
> the procedural framework of a fee award under 42
> U.S.C. § 406(b) by moving the district court for
> an extension of the 14 day period described in

> Fed. R. Civ. P. 54(d)(2)(B) when the district
> court remanded their case.

*Id*. at 1278 n.2.

The Tenth Circuit, on the other hand, declined to apply Rule 54(d)(2)(B) to an application for attorneys' fees in the context of a sentence-four remand. Even though Federal Rule of Civil Procedure Rule 60(b)(6) relief is "extraordinary and reserved for exceptional circumstances," the Tenth Circuit concluded "substantial justice" would be served by applying Rule 60(b)(6) under these circumstances. *McGraw v. Barnhart*, 450 F.3d 493, 505 (10ᵗʰ Cir. 2006). Because Rule 60(b)(6) motions must be made "within a reasonable time," the Tenth Circuit required applications for attorneys' fees under § 406(b) to be filed "within a reasonable time of the Commissioner's decision awarding benefits." *Id*.

In *Garland v. Astrue,* the district court reviewed the approaches taken by the Tenth and Eleventh Circuits and concluded

> [u]nder either approach, the most logical event
> for calculating the moment from which the court
> should begin calculating the time for submitting a
> 406(b) application after an administrative award
> of benefits is the issuance of the Notice of Award
> ("NOA"). In the NOA, the Commissioner calculates
> the past-due benefits to which the claimant is
> entitled and the corresponding 25 percent of
> past-due benefits to be withheld pending the
> approval of any attorneys' fees sought. Under the
> Rule 54(d) approach, the 14-day clock would be
> tolled until the Commissioner issues the NOA.
> Under the Rule 60(b)(6) method, an attorney would

be required to file the 406(b) application within
a reasonable time after the issuance of the NOA.

492 F. Supp. 2d 216, 220 (E.D.N.Y. 2007).  The *Garland* court
concluded, however, that it did not need to resolve whether to
apply Rule 54(d) or 60(b)(6) to the plaintiff's application for
attorneys' fees because the plaintiff did not file his
application until nine months after the NOA, and, therefore, the
application was untimely even under Rule 60(b)(6).  *Id*. at 220-
21.

As in *Garland,* this Court concludes Plaintiff's application
for attorneys' fees under § 406(b) is untimely under both
Rule 54(d)(2) and Rule 60(b)(6).  The Commissioner issued a NOA
after remand in October 2007.  Plaintiff, however, did not file
his Motion for Attorney Fees pursuant to § 406(b) until
March 21, 2008, which is five months after the Commissioner
issued the NOA.  As noted, applications for attorneys' fees under
Rule 54(d) must be submitted within 14 days from the entry of a
final judgment.  In Social Security cases, the EAJA requires
applications for attorneys' fees to be filed within 30 days of
the expiration of the 60-day period in which to appeal a judgment
or a total of 90 days after entry of judgment.  28 U.S.C.
§ 2412(d)(1)(B).  *See also Schaefer*, 509 U.S. at 302.  The
federal regulations that govern the submission of applications to
the Commissioner for an award of attorneys' fees for time

expended in administrative proceedings require applications to be filed "within 60 days of the date the notice of the favorable determination is mailed." 20 C.F.R. § 404.1730. Here Plaintiff's counsel filed his application for attorneys' fees pursuant to § 406(b) five months after the Commissioner issued the NOA. In light of the time limits governing similar fee applications, the Court concludes five months after the issuance of the NOA is not a reasonable time for submitted a § 406(b) application.

The Court also notes the effect of such a lengthy delay on Plaintiff. The Commissioner has withheld 25 percent of Plaintiff's past-due benefits pending the disposition of any application for attorneys' fees. Thus, after years of litigation before Plaintiff ultimately received an award of benefits, the delay of Plaintiff's counsel in filing his application for attorneys' fees under § 406(b) further postponed Plaintiff's receipt of the full award of past-due benefits. As the court in *Garland* noted,

> [t]hat plaintiff consented to the instant award is not sufficient to persuade the court to overlook [counsel's] failure to promptly file his 406(b) application. The need for careful scrutiny by the court of 406(b) applications was articulately explained by the Honorable H. Lee Sarokin, who . . . observed:
>
> The interests of the attorney and his or her client are inherently in conflict in Social Security cases. Of course, such conflict peaks at

> the point at which the attorney requests a fee to
> be deducted, dollar-for-dollar, from the award of
> back benefits to which the claimant is entitled.
> Moreover, having entered into a contingent fee
> arrangement for services culminating in a result
> in his or her favor, a claimant is unlikely to
> challenge the attorney's fee requested, as long as
> it is in accord with such agreement.

492 F. Supp. 2d at 222 (quoting *Taylor v. Heckler*, 608 F. Supp.

1255, 1258 (D.N.J. 1985)).

Reasonableness in these circumstances requires the Court to
attempt to strike a balance between the interests of Plaintiff's
counsel and those of Plaintiff himself.  As the court explained
in *Garland*,

> [c]learly, social security plaintiff's attorneys
> make a vital contribution to advancing the
> interests of a vulnerable group by assisting their
> clients to effectively advocate their entitlement
> to benefits.  By passing 406(b), Congress intended
> to promote the access of social security claimants
> to competent representation by making it easier
> for attorneys to collect fees.  *See Gisbrecht v.*
> *Barnhart*, 535 U.S. 789, 805-06 996 (2002).
> However, Congress in so doing also sought to
> protect claimants from excessive fees.  *See id.*
> Requiring attorneys to file under 406(b) in a
> reasonably timely fashion serves these interests
> by providing a flexible mechanism to enable
> attorneys to file fee applications while seeking
> to ensure that money rightfully due the plaintiff
> is not needlessly withheld for an excessive amount
> of time.

492 F. Supp. 2d at 222-23.

## II.  In these circumstances, the Court, nonetheless, grants Plaintiff's Motion for Attorney Fees under § 406(b).

Even though the Court has concluded the time between the

10  -  OPINION AND ORDER

issuance of the NOA and the filing of the § 406(b) application
for fees by Plaintiff's in this case attorney is unreasonable,
there are compelling reasons to allow Plaintiff to bring his
attorneys' fee application under the particular circumstances of
this case.  Specifically, the Commissioner did not object to the
§ 406(b) application as untimely, this Court has not previously
addressed the timeliness of an application for attorneys' fees
pursuant to § 406(b), and this issue is undecided in the Ninth
Circuit.  In light of these factors and despite this Court's
concerns about the reasonableness of the length of time between
the issuance of the NOA and the application for attorneys' fees
under § 406(b), the Court concludes Plaintiff's counsel should be
allowed to proceed with his application for attorneys' fees
pursuant to § 406(b) in this matter.  The Court, however, expects
to apply a reasonableness standard pursuant to Rule 60(b)(6) to
§ 406(b) petitions in the future.

**III. Attorneys' Fee Agreement.**

On August 15, 2005, Plaintiff entered into a contingent-fee
agreement in which he agreed to pay his attorneys the greater of:

> 1) **25 (twenty-five) percent** of the past-due
> benefits resulting from my claim or claims (which
> I understand may exceed $400.00 per hour), **OR**

> 2) Such amount as my attorneys are able to obtain
> pursuant to the Equal Access to Justice Act
> (EAJA).

Pl.'s Mem. in Support of Mot. for Att'y Fees, Ex. 1 (emphasis in

original).[1]  This type of contingent-fee agreement for 25 percent of all past-due benefits awarded is "characteristic" of Social Security benefit cases.  *Grisbrecht*, 535 U.S. at 807.

**IV.  Reasonableness of Attorneys' Fees Requested**.

"[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Grisbrecht*, 535 U.S. at 807.  To determine whether a fee is reasonable, the Supreme Court identified a number of relevant factors a court may consider:  the attorneys' risk of loss, "the character of the representation and the results . . . achieved," delay by counsel, and the amount of benefits "in comparison to the amount of time counsel spend on the case" to ensure that the award does not constitute a windfall to the plaintiff's counsel. *Id*. at 808.  No single factor is dispositive.  *Id*.  The district court's decision with respect to a fee award "qualif[ies] for highly respectful review."  *Id*.

Here Plaintiff requests fees of $9,396.50 pursuant to the contingency-fee agreement between Plaintiff and his counsel.  A review of the record establishes Plaintiff's counsel was able to secure an award of past benefits for Plaintiff through litigation at the district-court level after Plaintiff had sought and been

---

[1] Although the attached agreement also refers to attorneys' fees for representation before the Commissioner, it is not signed by Joe DiBartolomeo.  In any event, it is undisputed that Tim Wilborn did not represent Plaintiff at the administrative level.

denied benefits by an Administrative Law Judge and on administrative appeal.  The Court, therefore, concludes Plaintiff's counsel provided competent, capable representation and did not cause any delay of Plaintiff's claim.

In addition, Defendant does not contend the amount of fees requested is unreasonable.

The Court also takes into consideration the fact that counsel must take claims such as these on contingency and that counsel bear the risk of not receiving any compensation for their work if they do not recover past-due benefits for their clients. *See In re Wash. Public Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 199-1300 (9th Cir. 1994).

Accordingly the Court concludes a contingent-fee award of $9,396.50, which is 25% of the past-due benefits obtained by Plaintiff's counsel on Plaintiff's behalf, is reasonable.

**V.    The net amount of attorneys' fees in this matter does not exceed 25% of Plaintiff's past-due benefits.**

42 U.S.C. § 406(a)(1) allows plaintiffs' attorneys to recover their fees for representing plaintiffs at the administrative level.  In addition, the Court may award attorneys' fees and costs to plaintiffs' attorney under the EAJA for their representation of plaintiffs in court if certain criteria are met.  *See* 28 U.S.C. § 2412(d)(1)(A).  *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002).

Finally, as noted, pursuant to § 406(b), courts may award fees to plaintiffs' attorneys for their representation in court "not in excess of 25 percent of the . . . past-due benefits awarded to the claimant."

An attorney who receives fees for the same work under the EAJA and § 406(b) must refund the smaller fee to the plaintiff. 99 Stat. 183, 186 (1985). *See also Gisbrecht*, 535 U.S. at 796. Congress passed this amendment to prevent attorneys from keeping all of the fees under the EAJA and § 406(b), which would "deprive[] the plaintiff of the benefits intended by the EAJA." 1985 U.S.C.C.A.N. 132, 149 (1985).

On remand, the Commissioner awarded Plaintiff $37,586.00 in past-due benefits. DiBartolomeo received $5,300.00 in attorneys' fees pursuant to § 406(a)(1) for his representation of Plaintiff at the administrative level. As noted, Plaintiff's counsel moves for attorneys' fees of $9.396.50 pursuant to § 406(b) for his representation of Plaintiff in this Court.

Defendant contends the fee provisions of § 406(a) and (b) should be interpreted to create an aggregate cap of 25% of the past-due benefits awarded as attorneys' fees. On this basis, Defendant objects to Plaintiff's application for fees pursuant to § 406(b) because, combined with the fees awarded under § 406(a), the total amount of fees ($14,696.50) would exceed 25% of the past-due benefits awarded to Plaintiff. Plaintiff asserts the

fee provisions of § 406(a) and (b) do not create an aggregate cap of 25% of the past-due benefits, and, in fact, the 25% cap applies only to awards of attorneys' fees under § 406(b).

The Ninth Circuit has not resolved the question whether the 25% cap on attorneys' fees applies to § 406(a) and (b) in the aggregate or only to § 406(b) alone.  This Court, however, need not decide the issue in this instance because the aggregate amount of attorneys' fees under § 406(a) and (b) does not exceed 25% after Plaintiff's counsel refunds to Plaintiff the amount of fees obtained pursuant to the EAJA.  As shown in Exhibit 1, if Plaintiff's counsel is awarded $9,396.50 in attorneys' fees under § 406(b), he must refund to Plaintiff the $6,675.00 in fees he obtained under the EAJA.  The net result of this exchange is $2,721.50 in attorneys' fees for the representation of Plaintiff before this Court.  When combined with the $5,300.00 in attorneys' fees received by DiBartolomeo for his representation of Plaintiff at the administrative level, the net amount of attorneys' fees paid by Plaintiff in this matter is $8,021.50, which is less than 25% of Plaintiff's past-due benefits.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Attorney Fees (#28) Pursuant to 42 U.S.C. § 406(b) in the amount of **$9,396.50**.  Pursuant to *Gisbrecht*, Plaintiff's counsel must

15  -  OPINION AND ORDER

refund to Plaintiff the lesser award of attorneys' fees granted by this Court on December 22, 2006, under the EAJA in the amount of $6,675.00.

IT IS SO ORDERED.

DATED this 30th day of June, 2008.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge